IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(INDIANAPOLIS DIVISION)

| | |
|---|---|
| SIERA COLLINS<br>c/o Anderson, Agostino & Keller, P.C.<br>131 S. Taylor Street<br>South Bend, Indiana 46601<br><br>And<br><br>AMANDA BOGUE<br>c/o Anderson, Agostino & Keller, P.C.<br>131 S. Taylor Street<br>South Bend, Indiana 46601<br><br>*On Behalf of Herself and All*<br>*Other Similarly Situated Individuals*<br><br>PLAINTIFFS[1],<br><br>    v.<br><br>DEER-BELL, INC.<br>D/B/A CLUB RIO<br>5054 W 38th Street<br>Indianapolis, Indiana 46254<br><br>SERVE:   Donald Paskins<br>             19909 St. Road 37 North<br>             Noblesville, Indiana 46060<br><br>DEFENDANT. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: |

**************************************************************************

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.      This is a class and collective action brought by Sierra Collins ("Ms. Collins") and Amanda Bogue ("Ms. Bogue") (together, "Plaintiffs") against Defendant Deer-Bell, Inc. d/b/a Club Rio Gentlemen's Club located at 5054 W 38th Street, Indianapolis, Indiana 46254 (hereafter "Club Rio" or "Defendant").

---

[1] To avoid retaliation, Plaintiffs have used the mailing address of their attorney.

2. The class and collective is composed of female employees who, during the relevant period of February 2018 through the date of judgment in this case ("the relevant period"), worked as exotic dancers for Defendant at Defendant's Club Rio Gentlemen's Club in Indianapolis, Indiana, and were denied their fundamental rights under applicable state and federal laws.

3. Specifically, Plaintiffs complain Defendant misclassified Plaintiffs and all other members of the class and collective as "independent contractors."

4. As a result of Defendant's class-wide misclassification of all exotic dancer employees, Defendant failed to pay Plaintiffs and all other members of the class and collective minimum wage compensation they were entitled to under the Federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Indiana Minimum Wage Law, Indiana Code Title 22, Labor & Safety § 22-2-2-4 ("IMWL").

5. Plaintiffs bring this class and collective action against Defendant seeking damages, back-pay, restitution, liquidated damages, prejudgment interest, reasonable attorney's fees and costs, and all other relief that the Court deems just, reasonable and equitable in the circumstances.

## PARTIES AND JURISDICTION

6. Ms. Collins is an adult resident of Indianapolis, Indiana.

7. Ms. Bogue is an adult resident of Nashville, Tennessee.

8. In affixing their names to the caption of this Complaint, Plaintiffs each affirm their consent, in writing, to participate as a plaintiff and class representative in a class and collective action under the FLSA and the IMWL.

9. Defendant is a corporation formed under the laws of the State of Indiana operating as Club Rio, a strip club featuring female exotic dancers operating in Indianapolis, Indiana.

10. At all times, Defendant, through its officers, managers, supervisors, and other employees and contractors, controlled and dictated the day-to-day operations of Club Rio.

11. At all times, Defendant, through managers, supervisors, employees, agents or assigns, supervised and directed the employment of Plaintiffs and other exotic dancers.

12. At all times, Defendant had the power to hire, discipline, suspend, or terminate the employment of Plaintiffs and other exotic dancers.

13. Defendant qualified as Plaintiffs' employer and the employer of all other exotic dancers at the club, within the meaning of the FLSA and IMWL.

14. During the relevant period, Club Rio had gross revenue and sales exceeding $500,000.00, sold beer, wine, spirituous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

15. This Court has personal jurisdiction over Club Rio, has "federal question" subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, has supplemental jurisdiction over the interrelated IMWL state law claims, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

16. Ms. Collins was employed by Defendant as an exotic dancer at Defendant's Club Rio Gentlemen's Club in Indianapolis, Indiana, during the period of about 2015 through about August 2019.

17. Ms. Bogue was employed by Defendant as an exotic dancer at Defendant's Club Rio Gentlemen's Club in Indianapolis, Indiana, during the period of about January 2019 through about September 2019.

18. During the period of Plaintiffs' employment, the number of shifts each Plaintiff worked varied from week to week.

19. During the period of Plaintiffs' employment, the exact number of hours Plaintiffs worked varied from week to week.

20. In weeks that Plaintiffs worked as exotic dancers at Club Rio, Plaintiffs customarily worked between three (3) to five (5) shifts for an average total of about twenty (20) to thirty (30) hours per week.

21. On information and belief, Defendant has possession of time and/or sign in "house fee" payment records for Plaintiffs and all other exotic dancers employed by Defendant during the relevant period.

22. At all times, Defendant had actual knowledge of all hours Plaintiffs and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiffs' work duties and the work duties of other exotic dancers at Club Rio.

23. At no time during Plaintiffs' period of employment did Defendant ever pay Plaintiffs or any other exotic dancers any wages for hours that Plaintiffs and other exotic dancers worked each week.

24. At all times relevant, Defendant totally failed to pay wages or any kind of compensation to Plaintiffs and all other exotic dancers for work duties performed.

25. At all times relevant, Defendant misclassified Plaintiffs and all other exotic dancers at Club Rio as independent contractors when these individuals should have been classified under the FLSA and IMWL as employees.

26. At all times, Defendant controlled all aspects of the job duties Plaintiffs and all other exotic dancers performed inside Club Rio through employment rules and workplace policies.

27. At all times, Defendant controlled the method by which Plaintiffs and all other exotic

dancers could earn money at Club Rio by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

28. At all times, Defendant required Plaintiffs and other exotic dancers to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

29. Defendant hired Plaintiffs and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

30. Defendant, through supervisors and managers, supervised the duties of Plaintiffs and all other exotic dancers to make sure their job performance was of sufficient quality.

31. Defendant conducted initial interviews and vetting procedures for Plaintiffs and other exotic dancers and, at Club Rio's sole discretion, Defendant's management and/or ownership could deny Plaintiffs or any other dancer access or ability to dance and/or work at Club Rio.

32. At all times, Defendant had the right to suspend or send Plaintiffs and/or other exotic dancers home and away from Club Rio if Plaintiffs or other dancers violated rules or policies or if Defendant's ownership or management, at its discretion, did not want Plaintiffs or any other dancer at Club Rio.

33. As a condition of employment with Defendant, Plaintiffs and other dancers were not required to have or possess any requisite certification, education, or specialized training.

34. At all times relevant, Defendant was in the business of operating a night club featuring exotic dancers.

35. At all times relevant, it was the job duty of Plaintiffs and each other exotic dancer to perform as exotic dancers for Defendant's customers.

36. In addition to failing to pay Plaintiffs and all other exotic dancers any wages for hours worked, Defendant required Plaintiffs and all other exotic dancers to pay Club Rio and/or its ownership or management mandatory kickbacks and assignments including, but not limited to:

   i. A mandatory $10.00 per shift kickback payment to Defendant's manager titled "House Mom;"

   ii. A mandatory kickback or tip assignment payment to Defendant's bartenders in the amount of 10% of their per-shift tips;

   iii. A mandatory kickback or tip assignment payment to Defendant's DJ in the amount of 10% of their per-shift tips;

   iv. A mandatory kickback or tip assignment of a pre-set percentage of tips received from customers for their performance of private and semi-private dances; and

   v. Various other fees and fines assessed by Club Rio's management for arriving late and/or violating club rules, guidelines, and policies in amounts at Defendants' sole discretion.

37. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned a portion of the tips and gratuities Plaintiffs and other exotic dancers received from Defendant's customers.

38. On information and belief, for the entire period relevant to this action, Defendant had actual or constructive knowledge that Club Rio misclassified Plaintiffs and other exotic dancers at Club Rio as independent contractors instead of as employees.

39. On information and belief, for the entire period relevant to this action, Defendant's ownership and management had actual or constructive knowledge that Club Rio's failure to pay wages and charging unlawful kickbacks and/or tip assignments was in direct violation of the

FLSA and the IMWL.

## CLASS ALLEGATIONS

40. Plaintiffs bring this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

41. The Rule 23 Class is defined in this matter as all individuals, who at any time during the relevant time period, worked as an exotic dancer for Defendant, but were designated as an independent contractor and therefore, were not paid minimum wage compensation as required by the IMWL (hereinafter, "the Class").

42. On information and belief, the Class are believed to exceed fifty (50) current and former exotic dancers at Club Rio and is therefore so numerous that joinder of all members is impracticable.

43. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members, including, but not limited to:

   i. Whether Defendant violated the IMWL by classifying all exotic dancers at Club Rio as "independent contractors," as opposed to employees, and not paying them minimum wage compensation consistent with Indiana law;

   ii. Whether Defendant unlawfully required class members to pay kickbacks and/or split their tips with Defendant and and/or Defendant's managers;

   iii. Whether the monies given to dancers by patrons when they perform private and semi-private dances are gratuities or "service fees."

   iv. Whether Defendant violated the IMWL; and

   v. The amount of damages and other relief (including statutory liquidated damages) to which Plaintiffs and the Class are entitled.

44. Plaintiffs' claims are typical of those of the Class.

45. Plaintiffs, like other members of the Class, was misclassified as an independent contractor and denied their rights to wages and gratuities by Defendant under the IMWL.

46. Defendant's misclassification of Plaintiffs was done pursuant to a common business practice which affected all Class members in a similar way.

47. Named Plaintiffs and the undersigned counsel are adequate representatives of the Class.

48. Given Plaintiffs' loss, Plaintiffs have the incentive and are committed to the prosecution of this action for the benefit of the Class.

49. Plaintiffs have no interests that are antagonistic to those of the Class or that would cause them to act adversely to the best interests of the Class.

50. Plaintiffs have retained counsel experienced in class and collective actions and, in particular, litigation of wage and hour disputes.

51. This action is maintainable as a class action under Fed. R. Civ .P. 23(b)(1), 23(b)(2), and 23(c)(4) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

52. This action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class and because a class action is superior to other methods for the fair and efficient adjudication of this action.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiffs are pursuing this lawsuit as collective action under FLSA Section 216(b) on behalf of themselves and all other similarly situated individuals who at any time during the

relevant time period worked for Defendant as an exotic dancer and was designated as an independent contractor and was not paid minimum wage compensation as required by the FLSA (hereinafter, "the Collective").

54. Plaintiffs and the members of the Collective are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were victims of tip theft whereby Defendant kept and/or assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift house fees and/or kickbacks to Defendant for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

55. Plaintiffs' damages are substantially similar to other members of the Collective because, under the FLSA, each are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

56. On information and belief, Defendant has employed at least fifty (50) current and former exotic dancers at Club Rio in the past three (3) years.

57. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at Club Rio in the past three (3) years.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
(Failure to Pay Statutory Minimum Wages)

58. Plaintiffs hereby incorporate all of the preceding paragraphs by reference as if fully set forth herein.

59. The FLSA required Defendant to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

60. The FLSA required that Defendant allow Plaintiffs and other similarly situated exotic dancers to keep all tips and gratuities received from customers.

61. As set forth above, Defendant failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

62. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

63. Defendant's failure to pay Plaintiffs and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

### COUNT II
### VIOLATION OF INDIANA MINIMUM WAGE LAW
(Failure to Pay Statutory Minimum Wage)

64. Plaintiffs hereby incorporates all of the preceding paragraphs by reference as if fully set forth herein.

65. The IMWL required Defendant to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Indiana Minimum Wage.

66. The IMWL required that Defendant allow Plaintiffs and other similarly situated exotic

dancers to keep all tips and gratuities received from customers.

67. As set forth above, Defendant failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the IMWL Indiana Minimum Wage requirements.

68. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

69. Defendant's failure to pay Plaintiffs and other similarly situated exotic dancers as required by the IMWL was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A. Permitting Plaintiffs' Class claims under the IMWL to proceed as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the IMWL;

D. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the FLSA;

E. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiffs and other similarly situated individuals;

F. Judgment that Defendant's violations of the IMWL minimum wage requirements

were not the product of good faith on the part of Defendant;

G. Judgment that Defendant's violations of the FLSA minimum wage requirements were not the product of good faith on the part of Defendant;

H. Judgment that Defendant's violations of the IMWL minimum wage requirements were willful;

I. Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

J. An award to Plaintiffs and those similarly situated in the amount of all free and clear unpaid wages found to be due and owing to Plaintiffs and each similarly situated individual;

K. An award to Plaintiffs and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

L. An award of statutory liquidated damages in amounts prescribed by the IMWL;

M. An award of statutory liquidated damages in amounts prescribed by the FLSA;

N. An award of attorneys' fees and costs to be determined by post-trial petition;

O. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

P. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: March 4, 2021

/s/ Michael P. Misch
Michael P. Misch (27970-71)
Bradley P. Colborn (28501-20)
Anderson • Agostino & Keller, P.C.
131 South Taylor Street
South Bend, Indiana 46601
Telephone: (574) 288-1510
Facsimile: (574) 288-1650
Email: misch@aaklaw.com
Email: colborn@aaklaw.com

Gregg C. Greenberg, MD Fed. Bar No. 17291
(To Be Admitted Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiffs and the Class / Collective*